IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Benjamin J. Kinard, ) | Civil Action No. 6:10-262-JMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Kevin Coleman, Linda Bradshaw, and ) | |
| Mr. Gibson, ) | |
| Defendants. ) | |

This matter is before the court on the defendants' motion for summary judgment (doc. 32). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

In his complaint, the plaintiff alleges discrimination and deliberate medical indifference against three employees of the Turbeville Correctional Institution ("TCI"), a facility of the South Carolina Department of Corrections ("SCDC").

On June 30, 2010, the defendants filed a motion for summary judgment. By order filed July 1, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his responsive affidavit in opposition on July 21, 2010.

## FACTS PRESENTED

The plaintiff is an SCDC inmate at Allendale Correctional Institution, but brought this action while housed at TCI. The defendants are SCDC employees at TCI; Coleman is a Captain, Bradshaw is an Associate Warden, and Gibson is a nurse. In his complaint, the plaintiff alleges that defendant nurse Gibson violated his constitutional rights by failing to render prompt and appropriate medical assistance for his purported genital warts and anal pain, and that soon thereafter defendants Coleman and Bradshaw violated his constitutional rights by segregating him because he is a homosexual. He states, "I'm a homosexual that got a little disease that can be fix and the warden and captain don't want me around nobody until I leave" (comp. at 5). The plaintiff seeks compensatory and punitive damages.

In their motion for summary judgment, the defendants assert that the plaintiff failed to exhaust his administrative remedies prior to filing this action. They deny the plaintiff's constitutional rights were violated and further provide affidavits and records regarding the plaintiff's medical claims and the treatment he received.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations,

a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants argue that the plaintiff has failed to exhaust his administrative remedies. This court agrees. Attached to the defendants' motion for summary judgment

3

is an affidavit provided by Mary Coleman, the SCDC Chief of the Inmate Grievance Branch. The affidavit, along with copies of referenced documents, reveals that the plaintiff filed a Step 1 grievance form on January 28, 2010, concerning defendant Gibson's alleged deliberate medical indifference to his reported rectal bleeding and anal pain. However, five days later, before his grievance form was processed, the plaintiff filed the instant action in this court on February 2, 2010. On February 19, 2010, the initial Step 1 grievance form was processed and returned to the plaintiff, instructing him to address whether an informal resolution had been attempted as required on the form. The plaintiff then re-filed the Step 1 Grievance Form on February 22, 2010. According to the Coleman affidavit, the plaintiff's Step 1 was processed, and the plaintiff filed a Step 2 appeal on May 19, 2010 (Mary Coleman aff.). In his affidavit filed in response, the plaintiff does not deny this chronology.

The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law . . . require[s] proper exhaustion of administrative remedies, 'which means using all steps that the agency holds out, and doing so properly.'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 1002)). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including Section 1983. *Id.* Furthermore, exhaustion must be completed *before* the complaint is filed. *See Fair v. Hallman*, C.A. No. 9:05-2430-MBS, 2006 WL 1172198, *5 (D.S.C. 2006) (noting that available administrative remedies must be exhausted prior to filing suit); s*ee also Jackson v. Dist. of Columbia*, 254 F.3d 262, 269

4

(D.C. Cir. 2001) (rejecting the argument that Section 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial").

Here, the plaintiff filed his § 1983 action 20 days before re-filing his Step 1 grievance form at TCI concerning defendant Gibson's alleged deliberate medical indifference, and has since continued through the SCDC grievance process while this action has been pending. Moreover, the record reveals that the plaintiff never raised the discrimination/segregation claim administratively at all, nor did he lodge any complaints against defendants Coleman and Bradshaw in the grievance process. Because the plaintiff has clearly failed to exhaust his administrative remedies, this action should be dismissed without prejudice.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 32) be granted.

IT IS SO RECOMMENDED.

                                                s/Kevin F. McDonald
                                                United States Magistrate Judge

October 26, 2010

Greenville, South Carolina